STATE OF MISSOURI, Respondent, *v.* ELIZABETH WOHLMAN, Appellant.

*Criminal Practice—Evidence.*—Upon the trial of a defendant for larceny, the fact that part of the stolen property was found upon the person of one who was engaged in a common design, aiding and abetting the defendant, is competent evidence.

*Appeal from St. Louis Criminal Court.*

*Voullaire,* for respondent.

*Davis & Evans,* for appellant.

BAY, Judge, delivered the opinion of the court.

The record in this case presents no point which would justify this court in interfering with the judgment below; the defendant and Augusta Goetz and Cathârine Martin were indicted for stealing various articles of jewelry from the store of Eugene Jaccard, in the city of St. Louis, on the 7th of November, 1861. The defendant asked for and obtained a severance, whereupon Goetz and Martin were put upon their trial and convicted; but at the March term, 1863, of this court, the judgment was reversed and a new trial awarded upon the ground that the Criminal Court permitted the State to introduce evidence of other larcenies than than those charged in the indictment, committed at other places and upon the property of other persons. Upon the trial of the defendant, however, no such evidence was offered by the prosecution, and in this respect the case differs materially from that of Goetz and Martin.

It is contended on the part of the defendant that the court erred in admitting evidence of the search of Goetz, the husband of one of the defendants. It seems from the evidence that he was not in the store at the time the property was taken, but joined the women soon after they left the store, and was arrested and conducted to the police station with them, when they were searched and upon his person was found a lot of gold chains, identified as part of the property taken from Jaccard's store. It was also shown that upon the way to the police station they dropped upon the side-walk several articles of jewelry, and manifested much anxiety to get rid of the jewelry about their persons. Upon the supposition that they were engaged in a common design, aiding and abetting each other, which fact the evidence tended to prove, and in view of the fact that the husband of Mrs. Goetz was found communicating with the women before their arrest, and endeavored to prevent their arrest, we think it was perfectly competent for the State to show that a part of the stolen property was found in his possession.

The other judges concurring, the judgment of the Criminal Court will be affirmed.