## BAKER *vs.* THE STATE.

ERROR to *Charles* county court in a criminal prosecution. The indictment stated, that *Baker,* (the plaintiff in error,) on the 21st of March 1803, "unlawfully did set up a *Faro Table,* for the purpose of gaming, in a house in *Charles* Town, in the county aforesaid, by the said *John Baker* for that purpose rented, against the form of the act of assembly in that case made and provided, and against the peace, dignity, and government of the state." *Not Guilty* was pleaded. At the trial the attorney for the state, to support and maintain the prosecution, gave in evidence to the jury that *Baker,* the traverser, was a resident of the city of *Baltimore,* and on the 21st of March 1803, came from the city of *Baltimore* to *Port-Tobacco,* in *Charles* county, where he rented a house of a certain *J. E. Ford,* for the term of fifteen days, and that the traverser did, on the day and year aforesaid, set up a Faro Bank, and played at Faro in the house rented by him of *Ford.* The traverser

A Faro Table set up in a house, not a dwelling-house, out-house, or place occupied by a tavern-keeper, retailer, &c. is not an offence under the act of 1797, ch. 110, which directs that "no Faro Table," &c. "shall be set up, kept or maintained in any dwelling-house, out-house, or place occupied by any tavern keeper, retailer," &c.

Whether or not the court can refuse to permit the counsel in a criminal case from arguing to the jury against the court's construction of an act of assembly, after the court had been called upon to give a construction to the act? *Quere.*

1806.

Baker
vs
The State

gave in evidence to the jury, that the place aforesaid was not a dwelling-house occupied by any tavern-keeper, retailer of wine, spirituous liquors, beer or cider; and that it was not an out-house occupied by any tavern-keeper, retailer of wine, spirituous liquors, beer or cider, or place occupied by any tavern-keeper, retailer of wine, spirituous liquors, beer or cider. The attorney for the state then prayed the court to direct and instruct the jury, that if they find from the evidence that *Baker* did set up a Faro Table, and play at Faro in the house stated in the indictment, they ought to find a verdict for the state. To which prayer the traverser, by his counsel objected, and contended before the court that he was not guilty of any offence against the act of assembly, entitled, "*An act to prevent excessive gaming*," unless the jury should find from the evidence that the place aforesaid was a dwelling-house occupied by a tavern-keeper, retailer of wine, spirituous liquors, beer or cider, or an out-house occupied by a tavern-keeper, retailer of wine, spirituous liquors, beer or cider, or place occupied by a tavern-keeper, retailer of wine, spirituous liquors, beer or cider. But the court, (*Gantt*, Ch. J.) instructed and directed the jury, agreeably to the prayer of the attorney for the state, and refused to permit the counsel for the traverser to argue to the jury on the construction of the act of assembly as contended for by him in his objection to the prayer of the prosecutor. Whereupon the traverser, by his counsel, prayed leave to except to the opinion and direction of the court to the jury, and also to the opinion of the court, in refusing to permit him by his counsel to argue on the construction of the act of assembly, and that the court would sign and seal this his bill of exceptions, &c. Verdict guilty, and judgment that the traverser be fined, and forfeit and pay to the state the sum of £50 current money for the offence aforesaid, &c. To reverse which judgment the traverser brought the present writ of error.

The cause was argued before CHASE, Ch. J. TILGHMAN, BUCHANAN, and NICHOLSON, J.

*T. Buchanan*, for the plaintiff in error, referred to the act of 1797, *ch.* 110. The *second section* of which declares that "no E O, A B C, L S D, or Faro Table, or other device, except billiard tables, for the purpose of gaming

for money, shall be set up, kept or maintained, in any dwelling house, out-house, or place occupied by any tavern-keeper, retailer of wine, spirituous liquors, beer or cider, whether such person have a licence or not, on pain of forfeiting every such E O, A B C, L S D table, or other device, and of forfeiting, moreover, for every offence, the sum of fifty pounds current money, upon conviction thereof by indictment," &c. And the *third section* declares, "that if any tavern-keeper shall permit any E O, A B C, L S D, or Faro Table, or other device, to be set up, kept or played, in his or her tavern, out-house, or place appertaining or near to the same, his or her licence, upon conviction thereof, shall be void, to all intents and purposes." He also referred to the act of 1803, *ch.* 75, to shew the construction given by the legislature to the act of 1797, *ch.* 110.

*Scott,* for the State.

CHASE, Ch. J. delivered the opinion of the court, declaring that the act of 1797, *ch.* 110, only applied to dwelling-houses, out-houses, and places occupied by tavern-keepers, &c. No opinion was given as to the question whether or not the court below were right in refusing to permit the counsel for the traverser to argue to the jury upon the construction which they had given to the act of assembly, in their direction to the jury, on the prayer which was made by counsel. The chief judge said he was prepared to give his opinion that the counsel had no such right, after he had called upon the court to give a construction to the act, and the court had done so.

JUDGMENT REVERSED.