State v. South.

THE STATE, *Appellant*, v. SOUTH.

136  673
141  289
141  340

Division Two, January 19, 1897.

1. **Statute**: EJUSDEM GENERIS. The word "barn" is not *ejusdem generis* with the words "other building," in section 3526, Revised Statutes, 1889, declaring every person guilty of burglary who shall break and enter "any shop, store, booth, tent, warehouse, or other building * * * with intent to steal or commit any felony therein."

2. **Criminal Law**: BURGLARY: INDICTMENT. An indictment, based upon Revised Statutes, 1889, section 3526, declaring it to be burglary for any person to break and enter "any building within the curtilage of a dwelling house, but not forming a part thereof," or "any shop, store, booth, tent, warehouse, or other building" in which goods, etc., are kept, with intent to steal, etc., which charges that defendant did break and enter a barn, being a building in which goods, etc., were kept, with intent to steal, etc., is bad under the first clause of the statute for failure to allege that the building was of the character therein described, and bad under the second clause because no such building as a "barn" is contained in said clause.

VOL. 136 mo—43

*Appeal from Newton Circuit Court.*—HON. J. C. LAMSON, Judge.

AFFIRMED;

*R. F. Walker,* attorney general, for the state.

The indictment in this case is sufficient and contains all the necessary averments to inform the defendant of the offense with which he is charged. Section 3526, R. S. 1889; *State v. Hecox,* 83 Mo. 534; *State v. Edwards,* 109 Mo. 318. A barn in which is stored divers goods, wares, merchandise, and valuable things is included in the word building as used in section 3526, *supra,* as much as is a railroad depot (*State v. Edwards, supra*), or any other building in which goods, wares and merchandise or other valuable things are kept and deposited. The judgment should, therefore, be reversed and the cause remanded that the court may proceed to try the defendant on this, a valid indictment.

SHERWOOD, J.—The trial court granted the motion of defendant to quash the following indictment:

"The grand jurors for the state of Missouri, impaneled, sworn and charged to inquire within and for the body of the county of Newton and state aforesaid, upon their oath present and charge that on or about the twelfth day of December, 1895, at the county of Newton and state of Missouri, William South did then and there unlawfully, feloniously, and burglariously break into and enter the barn of Jane Joslin, there situate, the same being a building in which divers goods, wares, merchandise, and valuable things were kept and deposited with intent then and there, the goods, wares and merchandise and valuable things, in the said barn,

then and there being, then and there feloniously and burglariously to steal, take and carry away; and twenty bushels of wheat of the value of ten dollars, and of the personal property of Willis A. Joslin, in the said barn then and there being found, did, then and there, feloniously and burglariously steal, take and carry away against the peace and dignity of the state."

This indictment is founded upon section 3526, Revised Statutes, 1889. That section is as follows:

"Every person who shall be convicted of breaking and entering: *First*, any building within the curtilage of a dwelling house, but not forming a part thereof; or, *second*, any shop, store, booth, tent, warehouse, or other building, or any boat or vessel, or any railroad car in which there shall be at the time some human being, or any goods, wares, merchandise or other valuable thing kept or deposited, with intent to steal or commit any felony therein, shall, on conviction, be adjudged guilty of burglary in the second degree."

The section just quoted, designates two offenses: *First*, breaking and entering any building within the curtilage of a dwelling house, but not forming a part thereof; *second*, breaking and entering "any shop, store, booth, tent, warehouse, or other building, or any boat or vessel, or any railroad car in which there shall be at the time some human being, or any goods, wares, merchandise, or other valuable thing kept or deposited, etc.

Under the ruling in *Schuchmann's* case, 133 Mo. 111, the word "*barn*" is not *ejusdem generis* as the words which precede the words "other building" in the section referred to.

Speaking of the strict construction which prevails respecting criminal statutes, Bishop says: "Such statutes are to reach no further in meaning than their words; no person is to be made subject to them

by implication, and all doubts concerning their interpretation are to preponderate in favor of the accused. Only those transactions are covered by them which are within both their spirit and their letter." Stat. Crimes [2 Ed.], sec. 194. See, also, *Idem*, secs. 119, 193, 218, 220, 227, 230.

Elsewhere the learned author observes: "As stated by Hawkins, the doctrine is: 'No parallel case, which comes within the same mischief, shall be construed to be within the purview of it [the statute], unless it can be brought within the meaning of the words.' In slightly different language, though a case of this sort is fully within the mischief to be remedied, and is even of the same class and within the same reasons as other cases enumerated in the statute, construction will not be permitted to bring it within the statute unless it is also within the statutory words." *Id.*, sec. 220.

Thus: "Under words making punishable those who, with intent to commit any felony, 'shall in the nighttime enter *without* breaking, or in the daytime break and enter, any warehouse,' an entry in the night *by* breaking was held not to be included. * * * It being forbidden to set up a faro table 'in any dwelling house, outhouse, or place occupied by any tavern keeper, retailer of wine, spirituous liquors, beer, or cider,' one in a locality not in terms mentioned—as, for instance, in a house used solely for this purpose— was held not to be prohibited." *Ibid.*, sec. 221. *Com. v. Carrol*, 8 Mass. 490; *Baker v. State*, 2 Har. & J. 5.

The words of another statute were "wherry, lighter, or *other craft;*" and the term "craft" was held not to include a *steam tug;* because, though a steam tug is a craft, it is not one of the same character as a wherry or lighter. *Reg. v. Reed*, 28 Eng. L. & Eq. 133.

Again, at common law, the term dwelling house in-

State v. South.

cludes the privy, barn, stable, cowhouses, dairyhouses, if they are parcel of the same messuage, though they are not under the same roof, or joining contiguous to it.    1 Hale, P. C., 558.

And so at common law, if it was a barn or other out building which in law was parcel of the dwelling house, the pleader had his election to employ simply the term dwelling house, or name the outbuilding and add "part of the dwelling house."    2 Bishop, Crim. Proc., sec. 135.

But for a statutory breaking, the indictment should employ the statutory word, as "shop," "office," "warehouse," and if to such a place the statute adds a descriptive phrase, it should be covered by the allegation.    *Ib.*, sec. 136.

The section of the statute however, already quoted, speaks in its first clause of a breaking and entering of any building within the curtilage of a dwelling house, but *not* forming a part thereof.    Now these words are *descriptive* words, and if this barn was within the curtilage of a dwelling house, but not forming a part thereof, then these descriptive words should have been employed, and the indictment is bad for not employing them.    Even a negative description must be averred whenever it is an essential ingredient of a crime.    *Com. v. Tuck*, 20 Pick. 356.    And it seems that under such first clause the mere breaking and entering of a building as there described would constitute burglary, though no goods, etc., were there kept or deposited.

But under the second clause, there would have to be a breaking and entering into some shop, store, booth, tent, warehouse or other building (of like character) or some boat or vessel, or some railroad car in which there was at the time some human being, or goods, wares, etc., kept and deposited.

But it is impossible to tell under . which clause the pleader designed to frame this indictment. It is not good under the first clause, because impossible to tell whether the building was of such a character as therein described, nor under the second, because there is no such building as a "barn" contained in that clause. Therefore, the judgment should be affirmed. All concur.