THE STATE, *Appellant*, v. WATSON *et al.*

Division Two, November 9, 1897.

1. **Burglary:** INDICTMENT: WAREHOUSE. An indictment for burglary charged: "That John Watson and Samuel Hedges did unlawfully, willfully, feloniously and burglariously break into and enter the *granary* warehouse and building of one George Winchester . . . . . . . the same being a building in which divers goods, merchandise and valuable things were then and there kept for sale and deposited, with the intent . . . . . . . to take, steal and carry away, etc." *Held*, a good indictment for burglary under section 3526, Revised Statutes 1889, as all warehouses of whatever description, in which are kept for sale and deposited goods, wares and merchandise, are within the protection of the statute. *Held*, also, that the word *granary*, if a noun, as used in the indictment, is mere surplusage, and the bill is good with it omitted; and if considered an adjective, it merely describes the kind of warehouse.

2. **Warehouse:** DEFINITION. The words "warehouse" and "storehouse" are synonymous.

*Appeal from Bollinger Circuit Court.*—HON. JAMES D. FOX, Judge.

REVERSED AND REMANDED.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for appellant.

(1) The indictment is sufficient under the following cases: *State v. Tyrrell*, 98 Mo. 354; *State v. Edwards*, 109 Mo. 316. (2) Now the addition here is simply the word "granary" to the word "warehouse," and I take it that the word "granary" is simply descriptive of the character of the "warehouse." And if this be true, under the decisions in this State the indictment is certainly good.

*W. K. Chandler* and *Moses Whybark* for respondent.

The indictment as to the burglary count was properly quashed, and the court committed no error in sustaining the motion. *State v. Schuchmann,* 133 Mo. 111; *State v. South,* 136 Mo. 673.

GANTT, P. J.—This cause is here on an appeal by the State from a judgment quashing the following indictment, to wit:

"The grand jurors for the State of Missouri, now here in court, duly impaneled, sworn and charged to inquire within and for the body of the county of Bollinger and State of Missouri, upon their oath do present and charge that John Watson and Samuel Hedges, on or about the 9th day of November, A. D. 1895, at and in the county of Bollinger and State of Missouri, did then and there unlawfully, willfully, feloniously and burglariously break into and enter the granary warehouse and building of one George Winchester, there situate, the same being a building in which divers goods, merchandise and valuable things were then and there kept for sale and deposited, with the intent certain of the said goods, wares, merchandise and valuable things then and there so kept and deposited, unlawfully, willfully, feloniously, and burglariously to take, steal and carry away, and fourteen bushels of wheat of the value of $8 of the personal goods of the said George Winchester, then and there in the said granary, warehouse and building being found, did then and there feloniously and burglariously steal, take and carry away, against the peace and dignity of the State.

"JOSEPH W. CALDWELL,
"Prosecuting Attorney for Bollinger county, Missouri."

The motion to quash was duly excepted to and saved in a bill of exceptions. The motion to quash assigns as grounds that the indictment is vague and indefinite in the description of the building in which the burglary was committed and it is uncertain from its averments whether it is the kind of building a breaking and entering of which would constitute burglary under our statute.

The defendant, in support of the ruling of the circuit court, relies upon the decisions in *State v. Schuchmann*, 133 Mo. 111, and *State' v. South*, 136 Mo. 673, whereas the Attorney-General insists that these decisions do not justify the ruling.

In *State v. Schuchmann*, 133 Mo. 111, it was held that "a certain chicken house building" in which divers live chickens were kept was not such a building as was contemplated by the statute in defining burglary in the second degree, not being *ejusdem generis* with the building therein enumerated. R. S. 1889, sec. 3526. In *State v. South*, 136 Mo. 673, it was held that "a barn" was not *ejusdem generis* with said buildings enumerated in said section.

In this indictment the pleader charges the burglary in the "granary warehouse and building of one George Winchester there situate, the same being a building in which divers goods, merchandise and valuable things were then and there kept for sale and deposited." It can not be said of this indictment that it does not describe such a building, to wit, a "warehouse," as is expressly named in the statute, nor that it fails to add the descriptive phrase used by the statute, to wit, "in which divers goods, wares and merchandise were kept for sale and deposited." It would seem that the qualifying word "granary" before the word "warehouse" affords the ground for the highly technical objection to this indictment, but for good and sufficient reasons the

use of that word, either as an independent noun, or merely as an adjective, which latter appears the most natural meaning of the word in the connection in which it is found, does not vitiate an otherwise perfect charge of burglary under the statute cited.    Treating it first as a noun, it can and must be rejected as surplusage. "Surplusage," says Bishop, "is any allegation without which the pleading would remain adequate at law."   1 Bishop, New. Crim. Prac., sec. 478.   Now rejecting the word "granary" from this indictment, and it is evident that it is a good charge of burglary in the second degree.    *State v. Prather*, 136 Mo. 20.

In *State v. Meyers*, 99 Mo. 107, SHERWOOD, J., says:  "The authorities abundantly sustain the position that if, after striking out a portion of an indictment, enough be left to make a valid and substantial charge of the crime intended to be charged, no essential part of the case being omitted after the striking out occurs, then such striking out is admissible."   Whar. Crim. Pl. and Pr. 158; 1 Chitty, Crim. Law, 173, 231.   But it is unnecessary to strike out the word "granary." It can remain and be, as it evidently was intended to be, descriptive of the "warehouse."   Nothing is more common in this day than grain warehouses, and they fall fully within the letter and spirit of the statute.  A warehouse in which is kept for sale and deposited goods, wares and merchandise is within the protection of the statute whether it be a cotton warehouse, tobacco warehouse, railroad warehouse, bonded warehouse, or grain warehouse.   It goes without saying that in Missouri no merchandise is so valuable to the great body of our people as their grain, and when stored in a warehouse no property more deserves protection from the burglar and thief.   There is no technical meaning to the word warehouse different from its ordinary signification of storehouse.   It is qualified or modified according to the

purposes to which it is devoted and the character of the goods, wares and merchandise deposited therein.

The judgment of the circuit court is reversed and the cause remanded.    SHERWOOD and BURGESS, JJ., concur.