THE STATE v. M. F. CARPENTER, Appellant.

**Division Two, February 2, 1909.**

1. **INFORMATION: Burglary and Larceny.** Both burglary and larceny may be charged in the same information in the same count, if in the commission of the burglary a larceny was also committed; and the jury, if the evidence so warrants, may convict of either offense.

2. **INSTRUCTIONS.** Where the instructions given by the court fully covered the subjects embraced in the instructions requested by defendant, there was no error in refusing the instructions asked by defendant.

3. **EVIDENCE: Memorandum.** A witness from whose tool house defendant is charged with having stolen certain tools, and who the next day after the larceny made from memory a list of the tools taken from the house, may use such memorandum to refresh his memory as to the numerous tools that had been taken, whether the memorandum is offered in evidence or not.

Appeal from Jackson Criminal Court.—*Hon. Wm. H. Wallace,* Judge.

AFFIRMED.

*Herbert S. Hadley,* Attorney-General, and *F. G. Ferris,* Assistant Attorney-General, for the State.

(1) The information is sufficient in form and substance. R. S. 1899, sec. 1886; State v. Watson, 141 Mo. 338. It is well settled that burglary and larceny are two distinct offenses, that the two may be united in the same count, and that the jury may convict of either. R. S. 1899, sec. 1891; State v. Howard, 203 Mo. 600; State v. Owens, 79 Mo. 623; State v. Helms, 179 Mo. 280. (2) The instructions given fairly covered all the questions of law arising in the case necessary for the information of the jury in giving their verdict. State v. Sprague, 149 Mo. 415; State v. Turner, 106 Mo. 273; State v. Owens, 79 Mo. 629. The instruction, as to defendant's recent possession of a part of the stolen property being presumptive evidence against him, properly declared the law. State v. Owens, 79 Mo. 624; State v. James, 194 Mo. 277; State v. Henderson, 212 Mo. 208. The court by its instructions having correctly and fully covered every phase of the case to which the testimony was applicable, did not err in refusing instructions asked by defendant. State v. Campbell, 210 Mo. 229. (3) The witness A. C. Harris was properly permitted to refresh his memory as to numerous tools which had been taken from the toolhouse by referring to a list thereof made by him from memory on the day following the burglary. There is no reason for refusing or discrediting testimony enumerating a long list of articles on the ground that the witness is enabled to remember the existence of the articles by seeing them named on a memorandum. The memorandum may have been prepared at the time of the fact therein recorded, or thereafter, while the facts were still fresh in the memory of the witness. It is the recollection, and not the memorandum, which is evidence. Ward v. Transfer Co., 119 Mo. App. 91; State v. Palmberg, 199 Mo.

233; 2 Elliott on Evidence, secs. 855, 862, 863, 869; 1 Wigmore's Evidence, sec. 735.

FOX, J.—This is an appeal on the part of the defendant from a judgment of conviction in the criminal court of Jackson county, Missouri, of grand larceny.

On the 28th day of December, 1906, at the September term of the criminal court of Jackson county, at Kansas City, the prosecuting attorney filed, in open court, an information, properly verified, charging Harvey Adair and M. F. Carpenter with the crime of burglary in the second degree and grand larceny. The offense, as charged, consisted in breaking into a toolhouse belonging to C. A. Harris in Kansas City, and taking therefrom numerous carpenter tools, the property of divers persons, of the aggregate value of $113.55. On the 11th day of June, 1907, the defendant was duly arraigned and entered his plea of not guilty. On the 9th day of October, 1907, during the September term of said court, the trial of this defendant, M. F. Carpenter, proceeded. The testimony developed upon the trial of said cause tended to establish substantially the following state of facts:

On the 2d day of December, 1906, the firm of Harris & Hogue, contractors and builders, were engaged in constructing a livery barn for Eyler Brothers at 1712 McGee street in Kansas City, having in their employ several carpenters. They had there a small building on wheels, the property of A. C. Harris of said firm, which was used for the purpose of storing the tools of the workmen employed upon said building. At about five o'clock of that day, which was Saturday, the workmen on said building finished their day's work and assembled their tools in said toolhouse, the door of which was locked by means of a staple, a hasp and a padlock. The next morning the door of said toolhouse was found open, the staple had been

broken, and the lock removed and thrown away, and
a large number of tools of said workmen were gone.
On the same day, which was Sunday, two officers ob-
served the defendant in an alley, in said city, carry-
ing carpenter's tools in his pockets and under his
arms. As defendant recognized the officers, he turned
and made rapid steps to get away, but they arrested
him and took him to the police station. When they
first asked defendant where he got the tools, he said
they were his; later, however, he said he got them
from a man by the name of Harvey Adair. On de-
fendant's person at the time of his arrest they found
a pawn ticket, which had been issued to him the same
day for carpenter's tools. The officers learned the
location of the room which then was occupied by Adair.
For sometime prior to a few days before that time,
defendant had been occupying the same room with
Adair. Under the bed in said room was found a
chest of tools, and in the bed were found other tools,
and at the pawnshops numerous tools were also found,
all of which tools, as thus found on defendant's per-
son, those found in the room and those found in the
pawnshops, were positively identified as being the
property of the persons mentioned in the information.
It is also shown in evidence that on said Sunday morn-
ing defendant was at said room.

Defendant introduced several witnesses whose tes-
timony tended to prove that on Friday night before the
Sunday afternoon in question, defendant went to Pitts-
burg, Kansas, distant about one hundred and thirty
miles, or about four or five hours' ride by rail from
Kansas City, and that he left Fort Scott for Kansas
City after one o'clock on said Sunday morning, arriv-
ing at Kansas City about seven o'clock a. m. Defend-
ant himself testified to the same effect, and he said
that Sunday morning as he was walking down the
street, soon after his arrival at Kansas City, he met
a man named Smith with a bundle of tools, who stopped

him and asked him if he knew where he could pawn the tools. Defendant testified that he gave Smith some directions about pawn shops, but Smith made some excuse as to why he did not wish to go to the pawn-shop, and defendant himself undertook to pawn the tools, and did pawn them for Smith. He admitted having been at the said room on that Sunday morning, where he met Harvey Adair and Smith, who had given him the package of tools to pawn. Defendant said that the three talked in the room for a time, when they loaded him up with tools and sent him out to pawn them and get more money with which to buy liquor. That was the load of tools he was carrying when arrested. He denied positively that he burglarized the toolhouse, or that he took and carried away the tools in question, and claimed that he never had heard of the burglary and stealing of the tools until after he was arrested. A signed statement made by the defendant was identified by him, and introduced in evidence by the State as follows:

"Kansas City, Mo., Dec. 3, 1906.

"My name is M. F. Carpenter. I am fifty years old. I am a painter. The last two weeks I have not been working any; my little boy has been sick. My boy is at his grandmother's at Pittsburg, Kansas; he has been there about three or four weeks. Yesterday I met a man at Eighteenth and Grand. I did not know the man's name. I had met him once or twice at Tralle's saloon. He was a little taller than me, and I think he had blue eyes. He had a package of tools; they were wrapped up in overalls. It was Sunday morning about nine o'clock. He told me to take them down to the pawnshop and sell them and they would get a drink; for me to just sell them for the best I could get. He said he didn't want to go to the pawn-shop, because he had already sold some stuff there. I took the tools to the pawnshop twice, and got $2.50 altogether. He gave me fifty cents. This man gave me

the package of tools I had on me when I was arrested, but I have not seen him since. I never asked him where he lived, or where he got the stuff. I make this statement because it is the truth. No threats or promises have been made to me.     M. F. CARPENTER.''

No evidence was offered by defendant as to his general good character.

At the close of the testimony the court fully presented the cause to the jury by its instructions and the cause was submitted to them and a verdict was returned by them finding the defendant guilty of grand larceny only, and assessing his punishment at two years in the State penitentiary.

Timely motions for new trial and in arrest of judgment were filed and by the court overruled. Sentence and judgment were entered of record in accordance with the verdict, and from this judgment the defendant prosecuted this appeal, and the record is now before us for consideration.

## OPINION.

The appellant is not represented in this court; hence, we are not favored with any brief or even suggestions of any complaints of error during the progress of the trial. However, in pursuance of the provisions of the statute which requires this court to examine the record to the end that it may be determined as to whether or not any substantial error was committed, we have carefully considered the disclosures of the record in detail and will give the legal propositions disclosed such attention as their importance requires.

### I.

We have examined the information upon which this judgment rests and find that every essential element necessary to constitute the offense is charged

in such language as has frequently met the approval of this court. [R. S. 1899, sec. 1886; State v. Watson, 141 Mo. 338.]

The defendant in this cause was charged in the information with both burglary and larceny, and it has been uniformly held by this court that both of such offenses, while they may be separate and dis-. tinct, if in the commission of a burglary a larceny also be committed, both offenses under the provisions of section 1891, Revised Statutes 1899, may be charged in the same count, and the jury, if the testimony so warrants, may convict of either of such offenses. [State v. Howard, 203 Mo. 600; State v. Owens, 79 Mo. 619; State v. Helms, 179 Mo. 280.]

## II.

We have carefully read and analyzed the instructions given by the court in this cause. We deem it unnecessary to reproduce them, and it is sufficient to say that they covered every phase of the case to which the testimony was applicable, and the jury were required to find every essential fact necessary to constitute the offense of which the defendant was convicted. The jury were plainly told that they might find the defendant guilty of both burglary and larceny, or they might, under the evidence, find him not guilty of one of the offenses and guilty of the other.

After a careful analysis of all the instructions given in the cause we have reached the conclusion that they, in an extremely favorable light, presented the case to the jury in behalf of the defendant.

We have also given attention to the instructions requested by the defendant, and it is only necessary to say that the instructions as given by the court upon which this cause was submitted to the jury, fully covered the subjects embraced in the instructions requested by the defendant; hence there was no error

committed by the court in refusing the instructions requested by the appellant.

### III.

We have directed our attention to the disclosures of the record as to the admission and rejection of testimony during the progress of the trial, and find that there were only two instances where exceptions to the admission of evidence were properly preserved, and there is no merit in either of such objections. The first one was an objection concerning the testimony of A. C. Harris as to the ownership of the toolhouse. The questions propounded to Mr. Harris and his answers thereto were entirely appropriate, and the testimony was clearly competent. The other objection was an objection to this same witness, A. C. Harris, refreshing his memory as to the numerous tools which had been taken from the toolhouse by referring to a list thereof made by him from memory on the day following the burglary. This memorandum was not introduced in evidence, but the witness simply used it to refresh his memory as to the nature and character of the tools; then he proceeded to testify that those tools were in the toolhouse at the time of the burglary and were taken therefrom. This objection was clearly without merit, and there was no error committed by the court in overruling such objection.

### IV.

We have indicated the evidence disclosed by the record upon which this cause was submitted to the jury, and that it furnishes full support to the verdict returned by them is too plain for argument. The evidence being entirely sufficient to support the verdict of the jury, and the court having fully and fairly presented the case to them by its instructions, and it not appearing from any other disclosures of the record that any error was committed during the progress

of the trial, we see no escape from the conclusion that the judgment in this cause should be affirmed, and it is so ordered.

All concur.