## THE STATE v. HARRY BLOCKBERGER, Appellant.

### Division Two, February 19, 1913.

1. **BURGLARY AND LARCENY: Same Information.** If in the commission of a burglary a larceny is also committed, the statute (Sec. 4528, R. S. 1909) expressly authorizes the charging of both offenses in the same count of the information, and the prosecution of both offenses under the one count.

2. ———: **Stealing Less Than $30.** The larceny of $14.15 from a store, committed in the perpetration of a burglary, constitutes a felony.

3. ———: **Verdict: Punishment: Cumulative.** A verdict of guilty of burglary in the second degree and larceny as charged in the information, in which defendant was charged with burglary in the second degree and with stealing $30 from the store burglarized, and assessing his punishment at imprisonment for two years for the burglary and for an additional two years for the larceny, where the amount stolen was $14.15, is a definite finding of guilty of each offense, and prescribes the punishment in such a manner as to indicate the sentences thereunder were to be cumulative.

Appeal from St. Louis City Circuit Court.—*Hon. George C. Hitchcock,* Judge.

AFFIRMED.

*C. Orrick Bishop* for appellant.

*Elliott W. Major,* Attorney-General, for the State; *A. W. Stewart,* of counsel.

(1) Instructions 1 and 2 are the often approved instructions given in such cases as this. State v. Sprague, 149 Mo. 415. Number 3 was more favorable to the appellant than the facts would seem to warrant. This instruction embodies the law on petit larceny, while there was no evidence to support a charge of petit larceny, the only evidence on this point being that of Stone who testified that there was thirty dollars in silver and one dollar in pennies taken from his cash register. State v. Sprague, 149 Mo. 410. Number 4 tells the jury that they may find appellant guilty of one offense and, acquit him of the other or may convict him of both or may acquit him of both. (2) The information is sufficient in form and substance. R. S. 1909, sec. 4528; Kelley's Criminal Law (2 Ed.), sec. 609; State v. Carpenter, 216 Mo. 442. Burglary and larceny are two distinct offenses, and

the two may be united in one information; and the jury may convict of either or both. R. S. 1909, sec. 4528. (3) The verdict is certain, positive and free from ambiguity. 3 Graham & Waterson on New Trial, p. 1378.

WALKER, J.—From a judgment of the circuit court of the city of St. Louis sentencing defendant to imprisonment in the penitentiary for burglary in the second degree, and grand larceny, he appeals to this court.

The information charged the defendant with burglary in the second degree and larceny in having on the 20th day of May, 1911, entered the store, shop or building of one Albert Stone, with intent to steal personal property therein, and in then and there stealing, taking, and carrying away thirty dollars, lawful money of the United States.

The defendant was arraigned on the 26th day of June, 1911, in the circuit court of the city of St. Louis and entered a plea of not guilty. On the succeeding day he was put upon his trial before a jury, which, after hearing the evidence and receiving the instructions of the court, found him guilty as charged and assessed his punishment at imprisonment in the penitentiary for a term of two years for the burglary and for an additional term of two years for grand larceny. After ineffectual motions for a new trial and in arrest of judgment, he appealed to this court.

The evidence for the State disclosed that during the month of May, 1911, Albert Stone was engaged in business as a confectioner, at 2001 Park Avenue, city of St. Louis; that at the time mentioned in the information there was in Stone's store building, in addition to the usual fixtures and merchandise incident to this character of business, a cash register in which there was a number of bills in paper money, and thirty dollars in silver, the latter consisting of dollars, half-

dollars, quarters, dimes and nickels; that about twelve
o'clock on the night of the 19th day. of May, 1911,
Stone, the proprietor, before closing the store, counted
the money on hand, put the bills in his pocket and left
the thirty dollars in silver in the cash register, the
drawer of which he closed. He then locked the store
door and retired to his room where he lodged, in the
rear of the same building. Sometime between three
and four o'clock on the morning of May 20, 1911, a
police officer named Omohundro had tried the door in
passing and found it locked. Later, at about 4:45 a.
m., Edward Marshall, a newspaper carrier, saw the
defendant with a companion sitting near the vestibule
of Stone's store. James Moore, a motorman, who
came up about this time and was waiting for a car to
take him to his work, also saw the defendant at the
same place, and the latter, just as Moore boarded the
car, arose, entered the vestibule to the store, took
something out of one of his pockets and turned to-
wards the door as if to unlock it. From the testi-
mony of Marshall and Moore it is shown that they
knew the defendant by sight, having seen him at dif-
ferent times in the neighborhood, and that his pres-
ence at Stone's store at that time in the morning at-
tracted their particular attention. Moore, after board-
ing the car, proceeded several blocks when, seeing the
police officer named Omohundro, he hailed and notified
him of the occurrence; the officer went at once to the
store building, where he found the door unlocked and
the drawer of the cash register open, disclosing that
it was empty except for a few pennies. In company
with another officer named Shellhasse, Omohundro,
after learning where the defendant roomed, went to
his lodging place, arrested him at about 7:30 a. m. and
took him to the station. They found on his person
$14.15 in silver of the denominations of dollars, half-
dollars, quarters, dimes and nickels, and a bunch of
keys, one of which was tried by the officers on the

door to Stone's store and was found to lock and unlock the same. When asked by the officers, both at his room and after being taken to the station, when he had gone to his room, he said at 4:30 or 5 o'clock that morning, and when asked where he had been the night before he said he had been "out at a sporting house on Lucas avenue." On the witness stand defendant denied making these statements, and said that he had been at his room from twelve p. m. until his arrest and that he had no keys on his person other than a key to his room and one to his dresser; that he was employed by his brother to manage a pool room on Chouteau avenue, and the night before the alleged burglary he had been employed at his brother's place of business until about twelve o'clock, when he closed the place and took the key to the pool room door to his brother's house, where he left it, retaining the silver money found on his person, which was a part of that taken in during the evening and belonged to his brother; that after leaving his brother's house in company with Roy Alexander, he went to his room on Grattan street and did not leave it until he was taken therefrom by the officers the next morning.

Roy Alexander testified that he accompanied the defendant to his room at about twelve o'clock, saw him enter same, and did not see him any more until sometime the next day, in fact until after he was under arrest. The whereabouts of the defendant from the time he went to his room at twelve o'clock on the night of May 19, 1911, are not accounted for, except by his testimony, until about 4:45 o'clock the next morning when he was seen by Marshall, the newspaper carrier, and Moore, the mortorman, near and in the vestibule of Stone's store; defendant denies that he was at the store at the time stated by these witnesses. A number of other witnesses testified on behalf of the defendant principally to the effect that at different

times he was employed by his brother at the pool room.

Defendant had served a term in the workhouse. Other than as an occasional assistant at his brother's pool room he had no vocation.

The court instructed the jury on burglary in the second degree, and grand and petit larceny, and that they could find defendant guilty of both burglary as charged and larceny, or acquit him of one and find him guilty, of the other, or acquit of both, or, if the value of the property was found to be less than thirty dollars, if acquitted of the burglary and found guilty of larceny, the finding should be for petit larceny. Instructions were also given on the defense of *alibi*, presumption of innocence, reasonable doubt, the weight to be given to defendant's own testimony, and the weight and credibility to be given to testimony of witnesses generally.

I.  The sufficiency of the information is challenged by the defendant; it is drawn in one count and is bottomed on section 4520, Revised Statutes 1909; it states all the material facts necessary to constitute

Information.     burglary in the second degree and grand larceny. An indictment identical in form as to its material averments is approved by this court in State v. Moss, 216 Mo. 436, following a like ruling in State v. Watson, 141 Mo. 338.

The information, therefore, is not subject to valid objection.

II.  The prosecution of the two offenses in the same court of the information is expressly authorized by section 4528, Revised Statutes 1909. The procedure authorized by this section has been repeatedly

Burglary and     approved by this court, it being held that,
Larceny.     if in the commission of a burglary a larceny is also committed, both offenses may be prosecu-

ted under one count. [State v. Carpenter, 216 Mo. 442, and cases cited.]

III. The objections made by defendant to the introduction of testimony on behalf of the State were purely technical. Great latitude was given the defendant in the introduction of testimony in his own behalf. A full review of the entire record

**Testimony.** discloses no error in the admission or exclusion of testimony which by reasonable construction can be said to have proved prejudicial to the defendant.

IV. Although the amount of money found on the defendant's person corresponding in description to that taken from the cash register was only $14.15, it having been shown that the larceny was

**Burglary and Larceny.** committed in the perpetration of a burglary, the larcenous taking constituted a felony irrespective of the value of the thing stolen. [State v. Yandle, 166 Mo. 589; State v. Moss, 216 Mo. 436.]

V. The instructions given by the court on its own motion, none being asked by either the State or the defendant, clearly and fairly presented the law applicable to the case under the evidence, and are couched in language heretofore frequently approved by this court in like cases. In other words,

**Instructions.** these instructions complied in every respect with the mandate of the statute (sec. 5231, R. S. 1909), which requires the court in felony cases, whether so requested or not, to instruct the jury in writing upon all questions of law arising in the case necessary for their information in finding their verdict. [State v. Conway, 241 Mo. 271.]

VI. The jury in their verdict found the defendant guilty of burglary in the second degree and larceny as charged in the information, and assessed his

punishment at imprisonment in the penitentiary for a term of two years for the burglary and *Verdict and Punishment.* for an additional term of two years for the larceny. This is a clear and definite finding of guilty under each offense and prescribes the punishment in such manner as to indicate that the sentences thereunder were to be cumulative.

There being no prejudicial error in this case, the judgment of the trial court is affirmed. *Brown, P. J.,* and *Faris, J.,* concur.