STATE of Missouri, Respondent,

v.

James DAVY, Sr., Appellant.

No. 51407.

Supreme Court of Missouri,

Division No. 1.

Oct. 11, 1965.

Motion for Rehearing or for Transfer to Court En Banc Denied Nov. 8, 1965.

prisonment in the penitentiary for two years for burglary and two years for stealing in accordance with the verdict of the jury, the sentences to run consecutively. Secs. 560.045, 560.095, 560.110, 560.156. Statutory references are to RSMo and V.A.M.S. Defendant has appealed from the judgment entered after his motion for new trial was overruled.

Defendant was charged with breaking and entering the dwelling house of Mrs. Dorothy Heagler in the City of St. Louis and stealing two American Express traveler's checks, $20.00 each. Mrs. Heagler and her husband left their house about 6:40 P.M. to go out to eat and returned about 8:00 P.M. The doors and windows were locked when they left. When they returned they found a broken glass window in the front door, near the door knob. Drawers in the bedroom were overturned and certain articles (typewriter, picture machine) packed up and placed so they could be taken away. All they found missing was a blue folder containing the two traveler's checks. Defendant was arrested for speeding about two blocks from the Heagler residence soon after 8:00 P.M. and taken to the police station. Defendant was searched and the folder with the traveler's checks taken from his pocket and laid on the desk. One of the officers noticed the checks were made out to Dorothy Heagler and asked "Who is Dorothy Heagler?" Defendant snatched the folder out of his hand, tore out the checks, put them in his mouth and tried to eat them. About half of each check was recovered from defendant's mouth.

The defense was alibi, defendant having four witnesses who testified he was at a picnic, a considerable distance from the Heagler residence between 6 and 8 P.M. Defendant also testified that he was at the picnic and had a flat tire driving from it. He said while changing his tire he found the folder containing the traveler's checks in the street. He said he tried to eat the checks because he was scared by the police saying he would get five years in the penitentiary.

Norman H. Anderson, Atty. Gen., Jefferson City, Timothy D. O'Leary, Special Asst. Atty. Gen., Kansas City, for respondent.

Shulamith Simon, James W. Singer, III, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, for appellant.

HYDE, Presiding Judge.

Defendant convicted of burglary, second degree, and stealing was sentenced to im-

Defendant claims error in giving Instruction No. 4, on three grounds: (1) It authorized a finding of guilt on an offense not charged in the information, saying it authorized consideration of stealing not in the commission of a burglary; (2) It failed to require a finding that defendant stole the property described in the information, the instruction not submitting the stealing of any specific property; and (3) It seems to submit a violation of Sec. 560.161, subd. 2 (1), taking from a person, but fails to require a finding of the statutory elements.

Instruction No. 4 might be construed as defective in these respects. Obviously something was omitted from this instruction because it does not indicate any property the taking of which was intended to be submitted. Moreover, it authorizes punishment provided by Sec. 560.161, subd. 1(2) for stealing anywhere property of the value of "at least fifty dollars" (which that herein involved was not) instead of submitting stealing less than fifty dollars if the jury found defendant not guilty of burglary as should have been done. It actually does not submit a taking either "from a dwelling house or a person" but only from the possession of Dorothy Heagler which could be possession other than on her person or in her dwelling house.

■ In this case, the court did instruct on burglary (No. 1), on stealing in connection with burglary (No. 2) and also (No. 5) that defendant could be found guilty of both burglary and stealing in connection with burglary, or not guilty on both offenses, or guilty of burglary and not guilty of stealing, or not guilty of burglary and guilty of stealing. Since the value of the traveler's checks charged to have been stolen was less than fifty dollars, the court should have given an instruction on the offense of stealing less than fifty dollars, Sec. 560.161, subd. 1(1), instead of Instruction No. 4 which would not have been proper under the evidence in this case even if it had submitted stealing the property described in the information. However, the

verdict of the jury was as follows: "We, the jury in the above entitled cause, find the defendant guilty of Burglary 2nd degree and Stealing as charged; and assess the punishment at imprisonment in the State Penitentiary for the term of 2 years for the Burglary 2nd degree and a term of 2 years for the Stealing."

This is substantially the same situation we ruled in State v. Crow, Mo.Sup., 388 S.W.2d 817, 821, where likewise the court erroneously failed to give an instruction on the offense of stealing less than fifty dollars, for the following reasons: "It is true that if defendant had not been charged with burglary, or if being so charged and the jury had not found him guilty of burglary, the jury could have found him guilty of stealing less than $50, a misdemeanor. Section 560.161, V.A.M.S. But here the jury found the defendant guilty of the separate and distinct offense of burglary, and therefore any stealing done in conjunction therewith could not have been a misdemeanor. While it was error not to instruct on the offense of stealing less than $50, under the circumstances here where the jury found defendant guilty of the burglary, it was not and could not have been prejudicial to the defendant that the jury was not instructed on stealing less than $50." See also State v. Loges, 339 Mo. 862, 98 S.W.2d 564, 569; State v. Moss, 216 Mo. 436, 115 S.W. 1007; for other cases holding error not prejudicial in similar situations where defendant was convicted on another charge submitted see State v. Swiney, Mo.Sup., 296 S.W.2d 112, 116; State v. Herron, Mo.Sup., 349 S.W.2d 936, 941; See also State v. Smith, Mo.Sup., 365 S.W.2d 505, 507.

■ We further note that the only assignment of error concerning this instruction in the motion for new trial was: "The Court erred in giving instruction number 4, on the offense of stealing from a dwelling, for the reason that there was no evidence to substantiate the giving of this instruction." This was not sufficiently

specific to preserve anything for appellate review. State v. Townsend, Mo.Sup., 327 S.W.2d 886, 889; Criminal Rule 27.20(a), V.A.M.R. As authorized by Rule 27.20(c), if we found the giving of Instruction No. 4 plain error from which we deemed manifest injustice or miscarriage of justice had resulted, we could consider it as a ground for relief but for the reasons hereinabove stated we do not do so. We have examined the record as required by our Rules 28.02 and 28.08, V.A.M.R., and find it sufficient with respect to those matters therein specified.

The judgment is affirmed.

All concur.