## The State v. Banks, *Appellant.*

1. **Practice, Criminal:** DEFENDANT'S TESTIMONY. A defendant in a criminal case may testify as to the intent with which he did the act charged.

2. ———— : ———— : INSTRUCTIONS. In determining what instructions are to be given, the testimony of the defendant must be considered, the same as that of any other witness; and if he has testified to a state of facts which would constitute murder in the second degree, instructions appropriate to that offense must be given, though his testimony be at variance with that of every other witness in the case.

3. **Instructions.** It is the duty of the trial court in a criminal case to give correct instructions, whether asked or not ; and if it fails to do so, the judgment will be reversed on appeal.

But per NORTON, J., dissenting: This should not be done, unless the attention of the trial court be pointedly and specifically called to the error.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

Defendant was indicted for murder in the first degree in killing his wife, Annie Banks. She had refused to live with him any longer, alleging cruel treatment, and had obtained employment as a domestic servant. He had insisted upon her returning to him, and, there was evidence tending to show, had threatened to kill her if she did not. There was also other evidence tending to identify defendant as the person who did the killing. The fatal shot was fired through a window, the shutters of which were open, at night, as the woman stood at work in the house of her employer. There was evidence tending to show that the person who fired it must have been very close to her— within a few feet. Defendant testified on his own behalf, admitting the killing, but claiming that he was sixty feet off when he fired the shot, and that he did not mean to hit her, only wanted to scare her so she would come home and live with him. The court instructed the jury as follows:

The prisoner at the bar stands charged with the crime of murder of the first degree. By the indictment it is alleged that he did feloniously, willfully, deliberately, premeditatedly and of his malice aforethought, kill one Annie Banks, by shooting her with a pistol. His guilt or innocence of this charge is the sole question submitted by the court for your decision. To enable you to pass upon this charge, and to determine its truth or falsity intelligently and correctly, it is of the very highest importance, that you fully comprehend it; for how can you decide unless you first understand it? Your attention, therefore, is in the very outset of these instructions invited to consider the precise legal import of the terms by which this grave charge is set forth in the indictment. By the term "feloniously" is meant wickedly and against the solemn admonitions of the law. It means from a depraved and reckless heart—one which regards not social obligations, but is fatally bent on mischief. An act which proceeds from such a heart, and is of itself unlawful, is a felonious act. By the term "willfully" is meant intentionally, not by accident. Unless an act be intentionally done, it is not willful. But if intentional, it is willful. By the term "deliberately" is meant in a cool state of the blood, not in that heated state which the law denominates "passion," and by passion is meant not that which comes of no cause, but that, and that only, which is produced by some reasonable provocation. By the term "premeditatedly" is meant thought of beforehand; but for any length of time however short. It means thought of in the sense of thought over. If an act be committed before it has been reflected on and conceived by the mind of the actor, it is not a premeditated act. But if reflected on at all, even for a moment, before its accomplishment is begun, and the design to perpetrate it precedes the act, such an act is a premeditated act in the meaning of the law. By the term "malice" is meant the intentional doing of a wrongful act without just cause or excuse for it, and by the term "malice aforethought" is meant an in-

38—73

tent to do an evil deed formed in and by the mind before the doing of the deed is begun. In other words, by "malice aforethought" is meant simply a mental condition, and as applied to this case they mean an intent on the part of the defendant, fully formed, actually to take life before the act of killing was begun. The killing of a human being which has all these elements of moral turpitude existing together in the act, is in law murder of the first degree. But if lacking all of them, or if lacking any one of them, such a killing is not murder of the first degree. If, therefore, from the evidence you believe and find, that at the city of St. Louis, and at some time prior to the finding of the indictment, this defendant did, with the pistol alleged, loaded as alleged, make an assault upon the said Annie Banks; that with it he did shoot and kill her in the manner alleged, and that he did so feloniously, willfully, deliberately, premeditatedly and of his malice aforethought, you will find him guilty of murder of the first degree, as by the indictment he is charged; and unless, from the evidence you so believe and find, you will acquit him. If of the guilt of the accused you are convinced by the evidence, beyond a reasonable doubt, your duty, under the law and under the solemnity of your oaths, is to convict him, and if not thus convinced, your duty equally solemn is to acquit him. By the term "convinced beyond a reasonable doubt" is meant convinced to a moral certainty. If thus convinced, you should convict; but if not, then you should acquit. If you find the defendant guilty of murder of the first degree, you will by your verdict simply so say. Your whole duty is to determine in the manner told you, the sole question of his guilt or innocence of this crime. When you will have done this, your duty will have ended; after that the responsibility of all other matters connected with his case is with the court, not with you. If he is innocent, the law liberates him. If guilty, the law prescribes his punishment, and the court inflicts it.

The following instruction, asked on the part of the

defendant, was refused : The court instructs the jury that unless they find and believe from the evidence, that on the night of March 28th, 1880, as alleged, the defendant, James Banks, willfully, deliberately, of his malice aforethought, premeditatedly, in cold blood, and with the intent to murder or kill her, shot at Annie Banks, the deceased, they must find him not guilty of murder of the first degree.

There was a verdict of guilty, and in due time defendant filed his motion for a new trial, in which, among other things, he complained of the refusal of the court to give an instruction for acquittal offered by defendant at the close of the State's case, and also that the court had " erred in giving improper and illegal instructions to the jury on behalf of the State." There was no other complaint of the action of the court in the matter of instructions. The motion was overruled, defendant was sentenced to be hanged and he appealed to the St. Louis court of appeals, where the judgment was affirmed. From this judgment, defendant appealed to this court.

*Robert W. Goode* for appellant.

*D. H. McIntyre*, Attorney General, for the State, argued that under the evidence the court could only instruct for murder in the first degree. *State v. Hopper*, 71 Mo. 425; *State v. Talbott, ante*, p. 347.

I.

SHERWOOD, C. J.—The instruction given by the criminal court was a very clear and satisfactory exposition of the law relating to murder in the first degree, but the question arises upon the facts disclosed by this record, whether an instruction should not also have been given touching a lower grade of homicide. The testimony of the witnesses, other than the defendant himself, showed very clearly a case of deliberate murder. But under our law, a defendant in a criminal cause is a competent witness, and his

*status* when on the witness stand is the same as that of a party to a civil suit, who becomes a witness for himself. *State v. Cooper*, 71 Mo. 436. He may, even in a civil cause, testify whenever it is material to the issue so to do, with what intention he did a certain act. *Van Sickle v. Brown*, 68 Mo. 627, and cases cited. So far, the competency of a witness to testify as to his intention seems to have been ruled only in civil causes; but *a fortiori* ought it to apply in criminal causes also, where the intent which prompts an act is always vitally important.

## II.

In the present instance, the defendant had testified to a state of facts, which, if true, clearly exonerated him from the charge of murder in the first degree, and fixed his offense at a lower grade of homicide; and it belongs not to the judicial province to assume that his testimony is either improbable or untrue. So far as concerned the fixing of a basis for an instruction for such lower grade of crime, his testimony was to be taken as true, as much so as if testified by the most reliable and veracious witness, neither biased by interest nor prompted by fear of punishment. If it be said that this view of the law will be taken advantage of by those who are put on trial for their lives, it is only necessary to say that a witness in a criminal cause is competent, under the law, to testify to all the facts in issue; that the duty of the court to properly instruct the jury remains as heretofore, and that considerations of the inconveniences resulting from those accused being permitted to testify in their own behalf, are considerations appropriately addressed not to those who enforce, but to those who make the law. Had any other witness than the defendant himself testified that the killing was accidental, and had the testimony of such witness been at variance with that of every other witness in the case, no one could doubt the impropriety of refusing an instruction based upon the testimony of such witness. If such refusal would

be improper in an instance like the one just cited, then improper also in every instance where testimony of a similar purport and effect is elicited even from the defendant himself.

## III.

It is a matter of no moment whether the defendant asked for the correct instruction or not; it is the duty of the trial court, in criminal causes, as we have repeatedly ruled, to give correct instructions covering the whole law arising on the facts, whether such instructions be asked or not, and it was long ago decided by this court that where, as here, the lower court undertakes to give instructions of its own accord to the jury in a criminal case, such instructions must be correct. *Couley v. State*, 12 Mo. 462. From these considerations, we cannot do otherwise than to hold the failure of the trial court to give an instruction as to a lower grade of homicide erroneous, and, therefore, reverse the judgment and remand the cause. All concur, except NORTON, J., who dissents.

NORTON, J., DISSENTING,—Whether error was or not committed by the trial court in not instructing the jury as to some lower grade of homicide than murder in the first degree, was a matter of exception, and as the attention of the trial court was not pointedly and specifically called to the alleged error either in the motion for new trial or in arrest of judgment, it cannot be raised in this court for the first time, and we have no power to reverse a judgment in a matter of alleged error not excepted to- in the trial court, and to which the attention of said court was not called. For this reason I do not concur in reversing the judgment.