STATE OF MISSOURI, Respondent, *v.* CHARLES KELSOE,
*alias* McCARTHY, Appellant.

### October 18, 1881.

1. Where the evidence, under an indictment charging burglary and larceny in one count, so connects the two as to exclude any theory that the one was not connected with the other, it is not error to instruct the jury that, if they convict of either offence, they will convict of both.

2. Evidence of a former conviction is competent as going to the measure of punishment, and the record of a conviction of one of the same name raises a presumption that it was the same person.

3. A circumstance of the trial which could have in no wise prejudiced the rights of the defendant cannot be made a ground for a reversal.

APPEAL from the St. Louis Criminal Court, LAUGHLIN, J.
*Affirmed.*
ANSEL B. COOK, for the appellant.
JOSEPH R. HARRIS, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

Defendant was convicted of burglary and larceny. The testimony was that, the house of the prosecuting witness was broken into at night, whilst his family were within, and certain articles of silverware taken, which were soon afterwards pawned by the defendant. The testimony for the defence was that one Cooper, during the month of the burglary, tried to sell some silverware which turned out to belong to the prosecuting witness, and that he did sell some such silverware. The defendant swore that he bought the silverware from Cooper for $2, and that he never entered the house in question.

1. The court instructed the jury, if they convicted of either offence charged in the indictment, to convict of both. There seems to be no error in this. It was not taking the case from the jury. It is true that one may be acquitted of burglary and convicted of larceny under one and the same indictment; but in this case, the burglary and larceny

charged in the indictment related to the same transaction. There was some evidence tending to show that defendant purchased the goods after the burglary with a guilty knowledge ; but this was not the larceny charged in the indictment ; and it would have been wrong for the jury to convict of larceny on account of this evidence if they ac- quitted defendant of the burglary and larceny charged. Either the defendant committed the burglary and larceny charged, or he committed neither offence. There is no room, under the evidence, for any third supposition.

2. The State showed by the records of the court in which defendant was tried, that, on July 21, 1879, Charles Kelsoe, *alias* McCarthy, was convicted of grand larceny. The defendant is indicted as "Charles Kelsoe, *alias* McCarthy." The evidence was competent to show a previous conviction for felony. It was not testimony as to character. The presumption arose that the same name indicated the same individual. No attempt was made to rebut this presumption.

3. The indictment set forth this prior conviction. On motion of defendant, this language of the indictment was stricken out. This was done by pasting paper over it. The indictment went to the jury-room, and the statement stricken out could be read through the paper pasted upon it. It is impossible that this could have injured defendant. It told the jury nothing. The record of this former conviction had been already read to them as evidence on the trial.

The judgment is affirmed. All the judges concur.