THE STATE, Respondent, *v.* HATTIE TATE, Appellant.

### June 6, 1882.

1. One charged with a crime may testify as to the intent with which he did the act charged.
2. The defendant's testimony must be taken into consideration in determining what instructions should be given.
3. If the defendant testifies to facts which reduce the offence, instructions appropriate to that offence must be given, whether asked or not.

APPEAL from the St. Louis Criminal Court, LAUGHLIN, J. *Reversed and remanded.*

C. O. BISHOP, for the appellant.

J. R. HARRIS, for the respondent.

THOMPSON, J., delivered the opinion of the court.

The defendant was convicted of an assault with intent to kill, and sentenced to imprisonment for two years in the penitentiary. We see nothing substantial in the grounds urged by the learned counsel for the defendant for reversing the judgment, except the last, which is, that the court, having undertaken to charge the jury of its own motion, erred in failing to give them an appropriate instruction that they might convict of a common assault under section 1265 of the Revised Statutes, which reads as follows: "Any person who shall assault, or beat, or wound another, under

such circumstances as not to constitute any other offence herein defined, shall, upon conviction, be punished by a fine of not exceeding one hundred dollars, or imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment.'' The evidence, while not fully warranting the verdict which was rendered, afforded a hypothesis for such an instruction.   The defendant's testimony tended to show that the weapon with which the assault was made was a small pen-knife, and all the testimony showed that the cuts were but slight, not requiring surgical attention.   The defendant's testimony as to the intent with which she made the assault, was as follows :  '' I went over to Lucy Hill's to cut her.   I went there for that purpose, as she spilled my blood, and I was bound to spill some of hers.    *    *    *    I did not try to kill her.   I only wanted to draw her blood because she drew mine.''   This evidence, under the rulings of the supreme court, in *The State* v. *Banks* ( 73 Mo. 592), renders it incumbent upon us to reverse this judgment.   In that case, the defendant, a negro, procured a pistol beforehand, and in the night-time took a position near the window of the kitchen of a house in which his wife was employed as a servant, fired at her through the window, shooting her through the body and killing her instantly.   The defendant, in his testimony, admitted that he pointed the pistol at her and fired it voluntarily.   But he said that he did not intend to kill her ; he only intended to scare her ; in other words, he testified, in effect, that he did not intend to commit the necessary consequences of this act.   Upon this ground the supreme court held, reversing this court, that it was incumbent upon the judge in instructing the jury, to instruct them with reference to the law of murder in the second degree, whether asked to do so or not.   In so holding, Sherwood, C. J., said : '' It is a matter of no moment whether the defendant asked for the correct instructions or not.   It is the duty of the trial court in criminal cases, as we have repeatedly ruled, to give cor-

rect instructions covering the whole law arising on the facts, whether such instructions be asked or not, and it was long ago decided by this court that where, as here, the lower court undertakes to give instructions of its own accord to the jury in a criminal case, such instructions must be correct. *Couley* v. *The State* (12 Mo. 462). From these considerations, we cannot do otherwise than to hold the failure of the trial court to give an instruction as to a lower grade of homicide erroneous, and, therefore, reverse the judgment and remand the cause." *The State* v. *Banks*, 73 Mo. 592, 597.

The evidence of the defendant in this case furnishes a much more appropriate hypothesis for an instruction as to a lower grade of offence charged in the indictment than did the evidence in that case. For this omission to instruct the jury, we are therefore constrained, on the authority of the above case, to reverse the judgment and remand the cause. All the judges concur.