STATE OF MISSOURI, Respondent, *v.* THOMAS MURPHY,
Appellant.

May 29, 1883.

CRIMINAL LAW — INSTRUCTIONS — ASSAULT. — Evidence by a defendant on
   trial for an assault with intent to kill, that he did not intend to hurt or
   kill any one, warrants an instruction for a common assault, though the
   evidence is that he deliberately fired a pistol at a crowd of men, striking
   and tearing the clothes of one of them.

APPEAL from the St. Louis County Circuit Court, ED-
WARDS, J.

*Reversed and remanded.*

M. F. TAYLOR, for the appellant.

LEWIS, P. J., delivered the opinion of the court.

The defendant was convicted upon an indictment for
assault with intent to kill. The testimony for the state
tended to establish the commission of the offence, as charged,
by shooting at the prosecuting witness with a pistol, so that
the bullet passed through the coat and vest of the witness.
A fight was going on between other parties, one of whom
was a friend of the defendant. The defendant, testifying in
his own behalf, said: " I saw them still holding McVey,
and others coming towards me. Then I pulled out my pis-
tol and fired into the crowd. I did not aim at any of them,
and I wanted them to keep away from me, and to make
them turn McVey loose. I did not intend to hit anybody. I
had no intention of killing any one or hurting any one. I
wanted to scare them and make them keep away from me
and turn McVey loose."

The court, of its own motion, gave apt instructions con-
cerning the offence of assault with intent to kill, as defined by
the Revised Statutes (sect. 1263), but gave no instructions as
to a common assault, as defined by the Revised Statutes (sect.

1565). The case is an exact paralell with *The State* v. *Tate* (Mo. App., No. 2476), in which this court, following to its necessary result the decision of the supreme court in *The State* v. *Banks* (73 Mo. 592), held that the conviction was erroneous. We have nothing to do with the proposition that the defendant's testimony was at war with moral possibilities, and with the common law. It must be held that the jury might rationally have found that the defendant fired into a crowd of men, with a deadly weapon, without intending that the bullet should hit any one; in other words, that he did not intend the natural and necessary consequences of his act, since he so testifies. Upon authority of *The State* v. *Banks* and *The State* v. *Tate* (*supra*), the judgment is reversed, and the cause remanded. All the judges concur.