THE STATE v. PALMER, *Appellant.*

1. **Practice, Criminal**: DEFENDANT AS A WITNESS: EVIDENCE. Where the defendant in a criminal cause offers himself as a witness, he is subject to the same rules and tests, and can be impeached in the same manner as any other witness, except that he cannot be cross-examined as to any matter not referred to by him in his examination in chief.

2. ——: EVIDENCE: MORAL CHARACTER. If the defendant does not offer himself as a witness, the state cannot attack his general moral character, unless he first introduces evidence in his own behalf in that regard. And the state need proceed no further than to elicit from the witness that defendant's general moral character is bad, leaving defendant to cross-examine the witness as to particulars, if he so desires.

3. ——: INSTRUCTION. Before the jury are at liberty to disregard the testimony of a witness, they must believe that such witness has wilfully and knowingly sworn falsely to a material fact in the case, and there must be a sufficient basis in the testimony to warrant the giving of an instruction to that effect.

4. ——: ——: DEFENDANT ACTING ON APPEARANCES. A defendant who acts in self-defence in a moment of apparently impending peril is not required to nicely gauge the proper *quantum* of force necessary to repel the assault of his assailant, but may act upon appearances and use such force as he had reasonable cause at the time to believe was necessary.

5. ——: ——. The evidence in this case held sufficient to justify the giving of instructions for murder in the first and second degrees.

6. ——: ——: EVIDENCE. The defendant in a criminal case has a right to testify as to the intent with which he acted, and his testimony for the purpose of instructing the jury occupies the same footing as that of any other witness, and where he testifies that he did not intend to kill the deceased, he is entitled to an instruction for a lower grade of homicide than murder in either degree.

7. ——: INSTRUCTIONS. It is the duty of the trial court in a criminal cause to give all necessary instructions, whether asked to do so or not.

*Appeal from Cooper Circuit Court.*—HON. E. L. ED-
WARDS, Judge.

REVERSED.

The following is the eleventh instruction given for
the state :

"If the jury believe, from the evidence, that the de-
fendant and the deceased, prior to their meeting in Ash-
craft's store, had an altercation, and that the defendant
afterward went into said store and there met the deceased,
and that a difficulty arose between them, and that the
deceased advanced towards the defendant in a threaten-
ing manner, and if the jury shall further find, from all the
facts and circumstances in evidence, that the defendant
had reasonable cause to believe, and did believe, that the
deceased intended to do him some great bodily harm, and
that there was imminent danger of said design being
carried into execution, then he had the right to act upon
appearances as they presented themselves to him at the
time, and if he threw the weight to protect himself from
such attack, and in doing so used no more force than was
necessary for that purpose, then the jury must find the
defendant not guilty, although they may believe that as
a matter of fact said appearances were false, and that
the deceased did not intend to do him great bodily harm,
and that there was no immediate danger thereof."

*Draffen & Williams* for appellant.

(1) The tenth instruction, given at the instance of
the state, is clearly and manifestly erroneous. *Bank v.
Murdock*, 62 Mo. 70 ; *State v. Elkins*, 63 Mo. 159 ; *Evans
v. Ry. Co.*, 16 Mo. App. 522 ; *Fath v. Hoke*, 16 Mo. App.
537. (2) The court erred in permitting witnesses to state
that defendant's general moral character was bad with-

out eliciting in what particular this was so. *State v. Shields*, 13 Mo. 236. (3) The eleventh instruction, upon the subject of self-defence, was erroneous. *Nichols v. Winfrey*, 79 Mo. 544. (4) The court erred in failing to instruct the jury as to manslaughter in the second and third degrees. It was the duty of the court to give proper instructions, whether asked or not, defining each offence of which the defendant, under the evidence, could have been convicted. *State v. Branstetter*, 65 Mo. 149. The defendant stated that he did not intend to kill the deceased. He had the right to testify as to his intent. *State v. Banks*, 73 Mo. 592; *State v. Tate*, 12 Mo. App. 327. The jury would have been perfectly justifiable in finding, under the evidence, that there was no intention on defendant's part to kill the deceased. This might have been found from the fact that the witnesses say that he only gave the weight a jerk or sling; that he did not throw it with force. But the defendant's evidence in regard to intent must be taken into consideration in determining what instructions should be given. *State v. Tate*, 12 Mo. App. 327; *State v. Banks*, 73 Mo. 592. The defendant was not guilty of murder in either, the first or second degree, unless there was an intent to kill. *State v. Gassert*, 65 Mo. 352. The jury may have well found, under the evidence in this case, that the defendant did not intend to kill the deceased, and yet, that it was not justifiable or excusable homicide. If this be true, then the court should have given instructions as to manslaughter. *State v. Gassert*, 65 Mo. 352; *State v. Branstetter*, 65 Mo. 149.

*B. G. Boone*, Attorney General, for the state.

The state introduced and the court admitted evidence to prove that defendant's character was bad. This was erroneous, as he had not put his character in issue.

*State v. Creason*, 38 Mo. 372 ; *State v. Williams*, 77 Mo. 314. The tenth instruction as to the credibility of witnesses, does not follow the form heretofore approved by this court. *State v. Dwire*, 25 Mo. 554 ; *State v. Elkins*, 63 Mo. 159 ; *Brown v. Ry. Co.*, 66 Mo. 599. The instruction, however, as given by the trial court, has been approved by the Supreme Court of Kansas in *Campbel, v. State*, 3 Kan. 488. The evidence clearly showed that the defendant was guilty, either of murder in the first or second degree, or that the killing was justifiable. Under this state of facts, the court was not authorized to give an instruction for manslaughter in any degree. *State v. Kilgore*, 70 Mo. 547 ; *State v. Ellis*, 74 Mo. 207 ; *State v. Johnson*, 76 Mo. 121 ; *State v. Snell*, 78 Mo. 240 ; *State v. Jones*, 79 Mo. 441 ; *State v. Ramsey*, 82 Mo. 133.

SHERWOOD, J.—Tried for murder in the first degree, defendant was convicted of murder in the second degree, and his punishment fixed at fifteen years in the penitentiary.

I. There was no error in permitting the state to introduce evidence in the first instance of the general moral character of the defendant being bad. He had offered himself as a witness, therefore, was subject to the same rules and tests, and could be impeached in the same manner as any other witness. *State v. Clinton*, 67 Mo. 380. Had the defendant not been a witness, then the state could not have attacked the general moral character of the defendant, unless he had first introduced evidence in his own behalf in that regard. *State v. Creson*, 38 Mo. 372. The only exception to the position here taken, as to a defendant being subject to same rules and tests, is that created by statute and relates to certain restrictions as to the extent to which the cross-examination of a defendant witness may go. And it was sufficient for the purpose of impeachment that the inquiry on part of

the prosecution should proceed no further than to elicit from the witness that the general moral character of the defendant was bad. *State v. Grant*, 79 Mo. 113. If the defendant's counsel desired to descend into particulars, this opportunity was afforded them by cross-examination, and there exists on this score no ground of complaint.

II. There was error in the tenth instruction given at the instance of the state, in that this instruction omitted any word or expression requiring that the testimony of a witness in order to be disregarded should have been knowingly or wilfully false. *Bank v. Murdock*, 62 Mo. 70; *State v. Elkins*, 63 Mo. 159; *White v. Maxey*, 64 Mo. 552. And the authorities just cited go to the extent of holding that there must be a sufficient basis in the testimony for any instruction on the point in hand, even though the instruction be correctly worded.

III. The eleventh instruction on behalf of the state was erroneous for that it introduces an unwarranted element. If the defendant acted in a moment of apparently impending peril, it was not for him to nicely gauge the proper *quantum* of force necessary to repel the assault of the deceased. *Nichols v. Winfrey*, 79 Mo. 544; *Morgan v. Durfee*, 69 Mo. 469.

IV. There was evidence which justified the giving of instructions for the different degrees of murder. The putting by defendant of a leathal weapon, the weight, in his pocket, prior to the fatal occurrence, and its subsequent use, and his alleged remark to Scott, were indicative of malice. If such preparation was made with a view to legitimate self-defence, this would put a different face on the transaction, and of that the jury under proper instructions were to judge. But an instruction was also warranted for a lower grade of homicide than either of the degrees of murder. The defendant had testified that when he struck he did not intend to kill the deceased. If this statement was true he was not guilty of murder

in any degree. And he had a right to testify as to his intent, and his testimony for the purpose of instructing the jury occupied the same footing as that of any other witness. *State v. Banks*, 73 Mo. 592 ; *Nichols v. Winfrey, supra.* And it was the duty of the trial court to give all necessary instructions, whether asked or not, as has been frequently decided by this court.

For the errors aforesaid, judgment reversed and cause remanded. All concur.