The State v. Nelson.

THE STATE v. NELSON, *Appellant.*

Division Two, November 21, 1893.

1. **Criminal Practice**: DUTY OF COURT TO INSTRUCT JURY. It is the duty of the trial court in criminal cases to instruct the jury in writing upon all questions of law arising in the case, which are necessary for their information, whether asked to do so or not.

2. ———: ———: INTENT. While a defendant in a criminal cause has the right to testify as to the intent with which he did an act, yet he is not entitled to an instruction upon his oral testimony where it is contradicted by the physical facts.

*Appeal from Lafayette Criminal Court.*—HON. JOHN E. RYLAND, Judge.

AFFIRMED.

*John Welborn* for appellant.

The court below committed error in not giving the jury an instruction for common assault, whether asked or not, when the defendant's evidence was that he "shot to scare them and not to kill them." The trial court erred in refusing to grant a new trial, when its attention was called to the neglect to give an instruction for common assault in the motion for a new trial. *State v. Banks*, 73 Mo. 592; *State v. Murphy*, 14 Mo. App. 73; *State v. Tate*, 12 Mo. App. 327; *State v. Branstetter*, 65 Mo. 149; *State v. Palmer*, 88 Mo. 568.

*R. F. Walker*, Attorney General, for the state.

(1)   Defendant makes no complaint of any of the instructions given or refused upon the trial of this case, in his motion for a new trial.   His only complaint is that the court failed to give the jury an appropriate instruction that they might convict the defendant of a common assault.   Such an instruction would have been unauthorized and unwarranted by the testimony. *State v. Maguire*, 113 Mo. 670.   Again, in order that such action of the court might be assigned as error, here it became necessary that the defendant should have asked an instruction of this kind.   (2)   We are again confronted with the declaration of a convicted defendant that the verdict is against the evidence; the testimony in this case is unusually strong, and the court having in his discretion submitted the question of defendant's guilt or innocence to the jury, and they having found defendant guilty, such action will not be reviewed here until appellant has shown clearly and affirmatively an abuse of that discretion.   *State v. Moxley*, 115 Mo. 644; *State v. Jackson*, 106 Mo. 181.

BURGESS, J.—The defendant was, at the March. term, 1893, of the criminal court of Lafayette county, convicted of an assault with intent to kill one Mecum. Squires by shooting at him with a pistol, and his punishment fixed at imprisonment in the penitentiary for three years.

The state offered evidence tending to show that at the time of the shooting, which occurred at the town of Napoleon, Lafayette county, on the ninth day of December, 1892, that Mecum Squires was the city marshal of that town, and that he was informed that the defendant was carrying a pistol concealed, had been exhibiting it in a saloon, when as city marshal he

attempted to arrest defendant, who ran, at the same time pulling a revolver out of his pocket and when ordered by the marshal to halt, instead of doing so turned and fired at him three or four times, hallooing at him, Mecum, to shoot his fire-cracker, at the same time firing two additional shots. Defendant admitted shooting at Squires four times but testified as a witness in his own behalf that he did not shoot until after the marshal had fired at him, and that he had no intention to kill, but simply fired his pistol at Mecum for the purpose of scaring him only. Squires was not hit by either one of the shots.

Defendant did not ask the court to instruct the jury as for common assault, but now insists, and did in his motion for a new trial, that it was the duty of the court to do so anyway. This is the only point insisted upon in this court for a reversal of the case.

Section 4208, Revised Statutes, 1889, makes it the duty of the trial court to instruct the jury in writing upon all questions of law arising in the case which are necessary for their information, whether asked to do so or not. This has been the uniform rule announced by this court. *State v. Palmer*, 88 Mo. 570; *State v. Banks*, 73 Mo. 592; *State v. Maguire*, 113 Mo. 670.

While the defendant testified *that he shot at the marshal three or four times* with a deadly weapon, he also testified that he had no intention to kill at the time, and shot merely to frighten him. The defendant had the right to testify as to his intention in shooting. *State v. Banks*, 73 Mo. 592; *State v. Palmer*, 88 Mo. 568. But the statements of defendant were so encumbered with the physical facts and his conduct was so unreasonable and inconsistent with the experience of mankind, that the court was not bound to believe him and to instruct the jury on his testimony for a less grade of offense than that of assault with intent to kill.

While the *State v. Banks*, 73 Mo. 592; *State v. Palmer*, 88 Mo. 568 and *State v. Tate*, 12 Mo. App. 327, seem to announce a contrary-rule, the more recent decisions are the other way. *State v. Anderson*, 89 Mo. 332; *State v. Bryant*, 102 Mo. 24; *State v. Turlington*, 102 Mo. 642. Had the defendant shot the marshal through the heart and killed him, he could with the same propriety have testified that he did not intend to do so, a statement that no one would be inclined to believe. Defendant's statement that he did not intend to kill but shot merely to frighten his pursuer when at the same time he admitted the shooting, was not worthy of belief, and, as was said by this court in the case of *State v. Bryant, supra*, "so here, the physical facts in the case are equally plain, and we shall not stultify ourselves by believing the defendant's *words*, in preference to his *acts*, the latter are the true exponents of his intention, and they furnish the only safe key to his motives."

The evidence shows conclusively that the defendant, if guilty of any offense at all, was guilty of an assault with intent to kill, and the verdict is sustained by the evidence. Judgment is affirmed. All concur.

